Jack N. **RIME, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–1671.**

United States District Court,
W.D. Pennsylvania.

Sept. 29, 1986.

Cynthia C. Berger, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaeert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the decision of the Secretary denying Social Security Disability Benefits. We have reviewed the records and because we conclude that the Secretary's decision is based on substantial evidence of record, we affirm.

Plaintiff is now 50 years old. He is 5′ 10½″ tall and weighs 300 lbs. His weight has remained fairly constant at 300 lbs. over the past 6 years with the exception of a short-term reduction of 30+ lbs. prior to bypass surgery, November 1, 1984.

Plaintiff was employed for 31 years by Halstead Industries (or its predecessor) as a machine operator in a plant which manufactured copper tubing. This job required occasional lifting of 100 lbs. and frequent lifting of 50 lbs. Plaintiff last worked at this job on January 23, 1984 and has not returned because of his impairments.

Plaintiff suffers from heart disease for which he has undergone 2 cardiac catheterizations and a triple bypass, and for which he takes medication. Plaintiff also suffers from diabetes mellitus and high blood pressure. As described above, plaintiff is severely obese.

Following a hearing on January 31, 1985 and the receipt of extensive medical evidence, the ALJ concluded that plaintiff was disabled from his former occupation but that he was capable of performing the full range of sedentary work. Based on these findings and by reference to the infamous grid, the ALJ concluded that plaintiff was not disabled. Plaintiff raises here a number of points in support of reversal which we now consider seriatim.

Plaintiff first contends that the ALJ failed to properly credit the plaintiff's complaints of pain. First of all we recall the well worn principle that credibility is for the officer presiding at the hearing. Secondly, a review of the evidence indicates ample support for his conclusion. Prior to his surgery, plaintiff experienced pain, but still engaged in rollerskating and walks. He testified that after surgery the pain was less severe and that he was able to walk, stand, sit, climb stairs, and drive significant distances without difficulty.

Plaintiff also contends that the Secretary ignored the reports of treating physicians who indicated that plaintiff was totally disabled. However, plaintiff's own testimony revealed that he is able to walk, stand, sit, climb stairs and drive for significant periods. Also, the records indicate that plaintiff's physicians have prescribed increased light activity for him, such as walking and rollerskating, a prescription which has been ignored by plaintiff.[1] The evidence pro-

---

1. Plaintiff's protestations of poverty and climate as excuses for his failure to pursue such activities are properly discounted by plaintiff's testimony that, despite his self-described functional abilities and his doctors' orders, he does not even help with light housework, but prefers to lie down and watch television most of the day.

vides sufficient basis for the Secretary to conclude that plaintiff retains the capacity for sedentary work.

Plaintiff also contends that the ALJ should have categorized him as an illiterate thereby resulting, through use of the grid, in a finding of disability. Plaintiff's own testimony at the hearing on questioning by his attorney reads:

Q. Now you've indicated to Judge Moore that you can't read. You have a total inability to read, or a very limited ability to read?

A. A limited ability. There's some words I can't put together.

Q. Can you write?

A. A little bit, not much.

Q. Whenever you get a letter from this governmental body, who reads it to you?

A. My wife. She takes care of all of our business.

(Tr. at p. 66 of record on appeal). It is no surprise that plaintiff is unable to comprehend bureaucratic missives, but the record makes clear that plaintiff has an eighth grade education, can communicate in English and by his own admission can read and write to some degree. This constitutes substantial evidence and we cannot therefore disregard the ALJ's finding.

Finally, plaintiff contends that the ALJ failed to consider the effect of plaintiff's non-exertional impairments, identified by plaintiff as his obesity, and pain and shortness of breath induced by anxiety. However, there is nothing of record to demonstrate that these factors further reduce plaintiff's function. To the contrary, they appear to be cumulative, and plaintiff's own description of his residual function, cited above, is sufficient basis for the Secretary's conclusion.

For the reasons stated above, we will affirm the decision of the Secretary.